# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-0279 (DWF/KMM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Jovan Jonas Gentle, | |
| Defendant. | |

Andrew H. Mohring, Office of the Federal Defender, counsel for Defendant.

Craig R. Baune and Nathan Hoye Nelson, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Jovan Jonas Gentle's ("Gentle") motion for compassionate in light of the COVID-19 pandemic.  (Doc. No. 76 ("Motion").)  The United States of America (the "Government") opposes Gentle's Motion.[1]  (Doc. No. 84.)  For the reasons discussed below, the Court respectfully denies Gentle's Motion.

## BACKGROUND

On February 14, 2019, Gentle pled guilty to one count of conspiracy to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin,

---

[1] The Court also received and considered Gentle's reply to the Government's opposition.  (Doc. No. 88 ("Reply").)

280 grams or more of a mixture or substance containing a detectable amount of cocaine base, and a mixture of substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(1)(a), 841(b)(1)(A), and 846.  (Doc. Nos. 25-26.)  On July 30, 2019, this Court sentenced Gentle to 36 months' imprisonment to be followed by a five-year term of supervised release.  (Doc. Nos. 65-66.)  Gentle is currently incarcerated at FCI Elkton in Ohio.  BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed July 13, 2020).  According to the Bureau of Prisons ("BOP"), Gentle's release date is May 7, 2021.  *Id.*

Gentle now moves for compassionate release pursuant to 18 U.S.C. § 3582(c) on the grounds that he has a history of asthma, pericarditis, and bronchitis, and "other cardiac concerns."  (Doc. Nos. 77 ("Def. Memo.")); *see also*, Reply at 4-7; Doc. Nos. 79-6, 79-9 (collectively, "Medical Records Review"); 79-7, 79-10 (collectively, "Outside Medical Records").)  The record also reflects that Gentle previously tested positive for COVID-19.[2]  (Doc. No. 79-5 ("BOP Medical Records") at 2.)  Gentle argues that while all prison facilities are unsafe, FCI Elkton is particularly dangerous because several hundred prisoners have tested positive for the virus and 9 have died.[3]  (Def. Memo. at 7-11; Reply at 2-4.)  Gentle asserts that "he has survived one brush with

---

[2]  The test was administered on May 24, 2020 and confirmed positive on June 1, 2020.  (*See* BOP Medical Records 1-2.)

[3]  As of July 14, 2020, 362 inmates and 3 staff persons at FCI Elkton were positive for COVID-19; 588 inmates and 50 staff persons had recovered, and 9 inmates had died.  *See* Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last accessed July 14, 2020).

COVID-19 and remains very much at risk." (Def. Memo. at 1.) Accordingly, Gentle argues that "it is both necessary and prudent to modify his term of imprisonment, converting it to a term of supervised release under conditions appropriate to do justice and to vindicate the aims of the federal sentencing regime." (*Id.*)

On April 13, 2020, a group of inmates at FCI Elkton brought an emergency habeas action seeking the release of medically vulnerable inmates at the facility due to the spread of COVID-19 within the facility. *See Wilson v. Williams*, 20 Civ. 794 (N.D. Ohio Apr. 13, 2020). The petitioners argued, in relevant part, that "[b]y failing to implement controls necessary to contain the COVID-19 outbreak and stop preventable deaths at Elkton, [prison officials] have violated the Eighth Amendment rights of the [c]lass and especially of the [m]edically-[v]ulnerable [s]ubclass." *Id*.

On April 22, 2020, the Court ordered the respondents to, first, identify "all members of the [medically-vulnerable] subclass." *Wilson v. Williams*, 20 Civ. 794, Order, ECF No. 22 (N.D. Ohio Apr. 22, 2020). Then, following identification, the Court ordered respondents "to evaluate each subclass member's eligibility for transfer out of Elkton through any means, including but not limited to compassionate release, parole or community supervision, transfer furlough, or non-transfer furlough within two . . . weeks." *Id*. Finally, the Court instructed that "[s]ubclass members who are ineligible for compassionate release, home release, or parole or community supervision must be transferred to another BOP facility where appropriate measures, such as testing and single-cell placement, or social distancing, may be accomplished." *Id*.

On April 30, 2020, prison officials filed a list of FCI Elkton inmates that fit the medical criteria of the defined vulnerable subclass, including but not limited to: all inmates over the age of 50, and persons of any age who experience certain enumerated health conditions, ranging from a history of smoking or moderate to severe asthma, to serious heart conditions, diabetes, and more. *See Wilson v. Williams*, Civ. No. 4:20-794, Notice of Identification of Inmates, ECF No. 35 (N.D. Ohio Apr. 30, 2020); *see also* ECF No. 22 (N.D. Ohio Apr. 22, 2020 (defining subclass of inmates to be listed).) Gentle is not included on the Notice of Identification of Inmates. *See Wilson v. Williams*, 20 Civ. 794, Notice of Identification of Inmates, ECF No. 35 (N.D. Ohio Apr. 30, 2020). Since April, this civil habeas action has been heavily litigated with nearly daily status reports detailing COVID-19 testing and results.[4]

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

---

[4] As of July 14, 2020, 5,780 COVID-19 tests had been performed. *See Wilson v. Williams*, 20 Civ. 794, July 13 Status Report, ECF No. 150 (N.D. Ohio Apr. 30, 2020).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that: (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[5]  USSG § 1B1.13 ("Statement").  The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[6]  *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on

---

[5]  While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

[6]  The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia.  (Statement.)

the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[7]  *Id.*

The record reflects that Gentle requested compassionate release from the warden at FCI Elkton on June 9, 2020, and that his request was denied on June 12, 2020.  (Doc. Nos. 86, 86-1.)  Accordingly, the Court finds that his Motion is properly before the Court.

Notwithstanding, after a careful review of Gentle's Motion, supporting memoranda, Outside Medical Records, and BOP Medical Records, the Court finds that his circumstances do not meet the demanding standard for compassionate release.  Specifically, the Court finds that Gentle's medical conditions and the fact that he is incarcerated at FCI Elkton do not alone, or in combination, qualify as extraordinary or compelling reasons to warrant immediate release.  While the Court recognizes that at one point twenty years ago, Gentle was diagnosed with asthma and dyspnea, he was treated in a hospital for a respiratory infection eighteen years ago, and treated by a physician for radiating chest pain, shortness of breath, and excessive sweating nine years ago (Outside Medical Records; Medical Records Review), there is no indication that his conditions are chronic, or that he currently suffers from them.[8]  (*See generally* BOP Medical Records.)

---

[7]  While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

[8]  When provided the opportunity, Gentle did not indicate that he suffered from asthma or any other medical condition.  (BOP Medical Records at 71, 73.)

6

When Gentle was sentenced in 2019, he reported that he was "in good health [with] no history of significant medical issues." (Doc. No. 45 ¶ 123.) Moreover, Gentle's BOP Medical Records do not reference asthma, bronchitis, pericarditis, or difficulty breathing. (*See generally*, BOP Medical Records.) In fact, his BOP Medical Records indicate that as of February 19, 2020, he was a "healthy 39-year-old" with no medical conditions or concerns. (BOP Medical Records at 6.) Accordingly, the Court cannot conclude that Gentle currently suffers from any chronic or current medical condition that diminishes his ability to provide self-care in prison and from which he or she is not expected to recover, or that places him at increased risk for severe illness should he contract COVID-19 again and therefore declines to grant compassionate release on this basis.[9] *United States v. Lemon*, Doc. No. 93 at 5, 08-cr-246 (DSD) (D. Minn. Jun. 24, 2020) (denying compassionate release to prisoner with prior COVID-19 infection because his condition did not satisfy the criterion under the Statement).

The Court also recognizes Gentle's concern with respect to the severity of COVID-19 at FCI Elkton. It is correct that FCI Elkton has suffered a massive outbreak, and that sadly, several inmates have died from the virus. Notwithstanding, and in no small part due to the pending civil habeas action, the Court finds that in light of FCI Elkton's current measures to mitigate the spread of COVID-19, including massive

---

[9] While the Court is sympathetic to Gentle having already suffered from the virus, the CDC does not include prior infection as a condition that increases his risk for severe infection if Gentle were to contract the virus again. *See* CDC, People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 14, 2020).

testing, identification of vulnerable inmates, and intensive evaluation of those eligible for release, merely being incarcerated at FCI Elkton is insufficiently extraordinary or compelling to warrant immediate release.[10]

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Gentle's concerns, the Court finds that the circumstances do not present an extraordinary and compelling reason to warrant release. Accordingly, the Court respectfully denies Gentle's Motion.[11]

## CONCLUSION

For the reasons set forth above, the Court finds that Gentle is ineligible for compassionate release because he does not present an extraordinary and compelling reason to warrant release.

---

[10] The Court also notes that effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last accessed July 14, 2020). Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates. (*Id.*) Current measures also include a 14-day isolation period, and limited group gatherings. *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan Phase V, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp (last accessed July 14, 2020). While these steps did not prevent an outbreak of COVID-19 at the FCI Elkton facility, the Court finds that continued adherence to these guidelines, combined with actions required pursuant to the civil habeas action, positions FCI Elkton to mitigate its spread and protect its inmates.

[11] Because Gentle fails to present a "extraordinary and compelling" reason to warrant release, the Court need not consider the § 3553(a) factors or whether he poses danger to the safety of any other person or to the community. *See* 18 U.S.C. § 3582(c)(1)(A); Statement.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jovan Jonas Gentle's Motion for Compassionate Release from custody (Doc. No. [76]) is respectfully **DENIED**.

Date:  July 16, 2020              s/Donovan W. Frank  
                                                     DONOVAN W. FRANK  
                                                     United States District Judge